**RESOLUTION TRUST CORPORATION**

v.

**Alfred J. LUTZ, Jr.**

**No. 92–CV–1374.**

United States District Court,
E.D. Pennsylvania.

Feb. 12, 1996.

David Smith, Theresa E. Loscalzo, Stacy J. Levitan, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for plaintiff.

Alfred J. Lutz, Jr., Fairton, NJ, pro se.

## MEMORANDUM

JOYNER, District Judge.

Before this Court is Plaintiff Resolution Trust Corporation's ("RTC") Motion for Summary Judgment.[1] The RTC's claim is for $127 million from the Defendant, Alfred J. Lutz, Jr., a director and officer of Hill

Financial Savings Association ("Hill"). It alleges that in that capacity, Lutz was grossly negligent under 12 U.S.C. § 1821(k) (1989 & Supp.1995) and breached his fiduciary duties under 15 Pa.Cons.Stat.Ann. §§ 511–518 (1995).

While Lutz was director and president of Hill, he was instrumental in making over $300 million in bad loans to several entities. In 1992, he pleaded guilty to criminal charges of willful misapplication of bank funds in three loans amounting to $222 million and admits that Hill's losses on those loans total at least $80 million. The RTC seeks a recovery of that $80 million. In addition, the RTC seeks recovery of an alleged $47 million in losses incurred on $82 million worth of loans known as the Emerald Coast loans.

The RTC originally filed its Motion for Summary Judgment on September 28, 1995. When no response was received, this Court granted Lutz, a pro se defendant, an additional thirty days to respond. On the day this extension expired, Lutz faxed a letter to this Court stating that his response had been delayed due to difficulties associated with being in prison, such as mail delays, and that he had been unable to obtain paperwork from his former attorney. Over a month has passed since that letter and Lutz has not communicated with this Court again.

While we are sympathetic to any difficulties Lutz has experienced in responding to this Motion, at this point we conclude that he does not contest the Motion. He has presented no opposition or evidence to this Court, not even his own affidavit, he has made no attempt to communicate with this Court, nor has he requested this Court's assistance in obtaining files from his former attorney. We turn now to the Motion.

### Standard of Review

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue

---

1. Since this Motion was filed, the Federal Deposit Insurance Corporation succeeded to the claims asserted by the RTC. This succession does not affect any of the issues raised by the Motion. For ease of reference, this Memorandum will refer to Plaintiff as the RTC.

of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

Because Lutz has not responded to this Motion we only have the RTC's evidence before us. We will construe this evidence in the light most favorable to Lutz and determine from it whether there is a genuine issue of material fact.

**12 U.S.C. § 1821(k)**

■ Section 1821(k) provides that a "director or officer of an insured depository institution may be held personally liable for monetary damages ... for gross negligence, including any similar conduct that demonstrates a greater disregard of a duty of care." It also provides for recovery of damages, including principal losses and appropriate interest. *Id.* In Pennsylvania, gross negligence is "substantially more than carelessness, inadvertence, laxity, or indifference. The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care." *Resolution Trust Corp. v. Gross,* 1994 Westlaw 570153 at *3 (E.D.Pa. Oct. 13, 1994).

First, the RTC's evidence is that Lutz pleaded guilty to three counts of willful misapplication of bank funds for loans totalling $222 million. Lutz admitted these loans resulted in a loss of $80 million to Hill. Even construing all the evidence in favor of Lutz, there is no genuine issue of material fact that his actions were grossly negligent. Accordingly, we grant the RTC $80 million in damages on those loans.

■ Second, the RTC presents evidence that Lutz was Hill's president when Hill made the Emerald Coast loans. The RTC also presents evidence that Lutz ignored warnings from its accountants that the loans were too large and too risky for Hill. He did not disclose these warnings or the underlying facts to Hill's Board of Directors before it approved the loans. This uncontested evidence shows that Lutz acted with gross negligence with respect to the Emerald Coast loans and summary judgment is properly granted on this issue as well.

■ We cannot, however, grant summary judgment on the damages sought by the RTC on the Emerald Coast loans. The RTC seeks $42 million in damages and relies on its expert's Damages Report to support this claim. The Damages Report was prepared to quantify Hill's damages due to the outside auditors' improper performance in connection with its 1986 and 1987 audits of Hill and their failure to disclose to Hill's Board the losses incurred due to the Emerald Coast and other loans. The Report does not determine what damages are the result of Lutz's conduct, although it concludes that the losses are considerably more than $47 million in general.

There is no other evidentiary support in the record to support a ruling that the losses caused by Lutz equal $47 million. Accordingly, we find a genuine issue of material fact as to the exact amount of losses incurred due to Lutz's conduct. For this reason, we deny summary judgment as to the $47 million in damages, but do so without prejudice so that the RTC may return with support for their damage request.

**Breach of Fiduciary Duty**

■ The RTC also alleges that Lutz breached the fiduciary duty he owed as an officer and director of Hill in the transactions for which he pleaded guilty and in proceeding with the Emerald Coast loans despite the factual disclosures and advice from Hill's out-

side auditors and in withholding those facts and advice from the Board.

■ The duty owed by an officer or director is set forth in 15 Pa.Cons.Stat.Ann. § 512. This provides that directors and officers shall discharge the duties of their positions "in good faith and with the diligence, care and skill which ordinary prudent men would exercise under similar circumstances in like positions." A fiduciary duty may also be breached by failing to disclose a material fact. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 180 (3d Cir.1992).

■ The test of liability of breach of fiduciary duty is whether the director or officer was unjustly enriched. *In re Specialty Tape Corp.*, 132 B.R. 297, 301 (W.D.Pa. 1991) (citation omitted). The measure of damages for breach of fiduciary duty is the profits lost as a consequence of the breach. *Id.*

While the RTC has presented evidence that Lutz failed to disclose material facts and advice from the outside auditors as to the loans, the RTC has not presented evidence as to whether he was unjustly enriched by a breach of fiduciary duty. Since there remains a genuine issue of material fact as to whether Lutz was unjustly enriched by the breach, we deny this portion of the Motion for summary judgment. Again, this denial is without prejudice.

An appropriate Order follows.

### ORDER

AND NOW, this 12th day of February, 1996, upon consideration of Plaintiff Federal Deposit Insurance Corporation as successor to Resolution Trust Corporation's Motion for Summary Judgment, the Motion is hereby GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE as discussed in the attached Memorandum.

The Motion is hereby GRANTED with respect to the $80 million in damages arising from the $222 million in loans for which Lutz has pleaded guilty and is GRANTED with respect to the claim that Lutz was grossly negligent regarding the Emerald Coast loans.

The Motion is hereby DENIED without prejudice as to the claim for $47 million in damages for the Emerald Coast loans and as to the claim for breach of fiduciary duty.